## JULY SITTINGS.

### CORAM BETTS, J.

### DOUGLASS *against* BERNARD et al.

The right to sell on credit is not strictly within the common law rule governing the relation of factor and principal; it has been engrafted by usage, and must not be lightly extended.

When a factor has sold for cash or on credit, his powers are spent; and if he undertakes to treat the debt as his own, by granting indulgence, he must take the risk.

A factor may sue his principal, although he has rendered no account; such omission will subject his accounts to a strict scrutiny.

Where a factor had, upon a sale, taken a note at four months, and at maturity renewed it, retaining the first note in his hands, he makes the debt his own, although he afterwards obtains judgment on the first note, and assigns it, at the trial, to his principal.

THE defendants, merchants in the West Indies, consigned a quantity of tobacco to the plaintiff, at Baltimore, for sales and returns.

The plaintiff, in anticipation of the sales, shipped to the defendants a quantity of soap.

After this shipment the plaintiff sold a large part of the tobacco to one Causten, who, at the time of the sale, was a merchant in Baltimore, in good credit. For the amount of this sale the plaintiff received Causten's note at four months. At maturity Causten represented to the plaintiff

Douglass v. Bernard et al.

that he would be compelled to stop payment on that note, unless it was withdrawn from the bank. He gave him, at the same time, satisfactory assurances, that, if he renewed the note, he could get along and would be abundantly able to pay at maturity of such renewed note. The plaintiff, acting in good faith, granted the indulgence asked, and took a new note at an extended period, retaining, however, in his hands, the original note.

At maturity of the second note, Causten nad become insolvent, and was utterly unable to pay it. The plaintiff sued him on the first note, and obtained judgment against him, and now in court delivered an assignment of that judgment to the defendant, and sought to recover the amount of the soap shipped to them.

It did not appear that any account current had ever been rendered of the sales of the tobacco by the plaintiff to the defendants.

The defendants, on this evidence, moved a non-suit, and contended :

1. That no action could be maintained by a factor against his principal, under circumstances like these, until he had duly rendered an account sales.

2. That the plaintiff, by indulging Causten and taking a new note, had made the debt his own.

BETTS, J. As to the first point, it is not a ground for a non-suit, it will be an inducement, however, for a very strict and rigid scrutiny into these accounts on the part of the jury, should they come before them. But, upon the second point, I am of opinion that the renewal of the note was an unauthorized indulgence. Factors must be held

Douglass v. Bernard et al.

stictly to their powers. The safety of trade requires the stern enforcement of this rule. The right, at present con-ceded to factors, to sell on credit, is not strictly within the common law rule, governing the relation of factor and principal; it has been engrafted by usage merely, and must not be lightly extended. When, therefore, a factor has made a sale for cash or on credit, his powers are spent. If he undertakes to treat the debt as his own, by granting in-dulgence as in this case, he must take the risk. The plain-tiff must be called.

The plaintiff then insistsd that, upon the ground taken by the court, there was still a balance in his favor for which he claimed a verdict, the value of the soap remitted ex-ceeding in amount the value of the tobacco.

The court thereupon directed a strict and careful exami-nation of the account.

In the course of this examination, it appeared that the plaintiff had debited himself with the tobacco unsold, at the same price at which the sales were made to Causten. But the court ruled, that, under the circumstances of this case, he was bound to show at what price he had sold the residue, and upon failure of such proof, should be charged at the invoice price.

Verdict for plaintiff for $55.

*Stevens* and *Griffen*, for plaintiff.

*Mulligan* and *D. B. Ogden*, for defendants.